SALVATORE TOSTI, PLAINTIFF-APPELLANT, v. NICOLA GIAMIS, GIUSEPPE BATTIATO AND VINCENZO DELISE, DEFENDANTS-APPELLEES.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Joseph A. Fuerstman (Maxwell M. Albach,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This case comes before us on plaintiff's appeal from a judgment rendered in favor of the defendants.   The agreed state of case discloses the following facts:   Defendants, Committee of the Feast of St. Cataldo, entered into a written contract with the plaintiff, made up of two separate parts, one signed by the committee and the other signed by the plaintiff, as follows:

"We, the undersigned, Committee Feast of St. Cataldo, do obligate to pay to Mr. Salvatore Tosti, the sum of $225.00 two hundred twenty-five dollars to furnish a band of 22 musicians including the band master, for the Feast of St. Cataldo, which is to be celebrated in 14th Avenue on the 4th and 5th of September.

The band during the procession of Monday must be divided in two.   Hours of both of the days from 9 A. M. to 12 P. M. with regular rest.   In these two days the band is at the disposition of the Feast Committee.

Newark, N. J.
August 17, 1932.

NICOLA GIAMIS,
VINCENZO DOLISI,
GIUSEPPE BATTIATO.
Committee of Feast of St. Cataldo."

"Newark, N. J.   August 17, 1932.

I, undersigned, obligate to furnish to the Committee Feast St. Cataldo a band of 22 musicians including the bandmaster for the price of $225.00.   Two hundred twenty-five dollars for the Feast of St. Cataldo that will be celebrated in 14th Avenue, on the days 4 and 5 September, the band during the procession of Monday, will be divided in two, hours both day from 9 A. M.—12 P. M. with rest as of regular, in these two days the band is at the disposition of the Feast Committee.

SALVATORE TOSTI,
Band Leader."

Evidence was submitted that the contract was subsequently modified, orally, in that the band played one hour on September 3d, 1932, without additional compensation. Counsel for defendants objected on the ground that parol evidence should not be admitted to alter the terms of a written contract. An exception was allowed. The evidence further showed that the plaintiff, at the time of the modification, was not certain if the band would be available on that day. If not available they were not obligated to appear.

Several days before the celebration, Giamis, a member of the committee, endeavored to effect a rescission of the contract stating to plaintiff that the committee was unable to obtain a police permit to hold the celebration in a public place unless they obtained a union band. This the plaintiff refused to do and he appeared on September 3d, 1932, with twenty-five musicians. They began to play and were stopped. They were told that they would not be permitted to play for the rest of the celebration. At the same time a union band appeared and did thereafter play throughout the celebration.

Plaintiff's band did not appear at the celebration on Sunday, September 4th, or Monday, September 5th, and did no other work during the feast.

Suit was instituted by the plaintiff to recover the contract price. It appearing from the evidence that part of the work was to be performed on Sunday, the court held that the entire contract was void and entered judgment for the defendants.

Section 1 of the Vice and Immorality act (4 *Comp. Stat.,* *p.* 5712) provides: "That no \* \* \* worldly employment or business, ordinary or servile labor or work \* \* \* or \* \* \* dancing, singing, fiddling or other music for the sake of merriment \* \* \* shall be done, performed, used or practiced by any person or persons within this state, on the Christian sabbath, or the first day of the week commonly called Sunday."

Defendants failed to prove that the contract in issue was one of worldly employment, or ordinary or servile labor, or for music for the sake of merriment. This court has held that failure to negative the exemptions contained in the enacting

clause of the act relied upon by the defendants was fatal. *Hiler* v. *Force,* 111 *N. J. L.* 214.

Not all contracts to perform on Sunday are void. *Boruch* v. *Sts. Peter's and Paul's, &c., Church,* 111 *N. J. L.* 116.

It is argued for the plaintiff that the band was engaged to play for the Feast of St. Cataldus. It is represented to us that "Cataldus was a teacher in the School Lesinore, who left Ireland about the middle of the seventh century, to make a pilgrimage to Jerusalem. While there, he had a vision of Christ, who told him to go and take charge of the church at Taranto. He is said by Baronius to have arrived at Taranto in 166, but the later date is more probable. He became Bishop of Taranto, where he spent the rest of his life. The Cathedral is dedicated to him, and his relics are preserved there in a silver reliquary."

If this is so, and it is not denied, it is clear that the occasion for which the music was engaged was in the nature of a religious observance or celebration. It requires no extended discussion to state that it was never the purpose of the Vice and Immorality act to prohibit the furnishing of appropriate music for religious observances or celebrations held on Sunday. To so hold would be to deprive religious observances and celebrations of one of the most elevating and inspirational influences known to civilization. No successful argument can be made to the contrary.

No brief was presented on behalf of the defendants.

Judgment is reversed, with costs.